UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**WINMAR CONSTRUCTION, INC.,**

    Plaintiff,

    v.

**ESF, INC., et al.,**

    Defendants.

Civil Action No. 22-1829 (JDB)

## MEMORANDUM OPINION

Before the Court are defendants ESF, Inc.'s ("ESF") and The Academy of the Holy Cross, Inc.'s ("Holy Cross") respective motions to dismiss Winmar Construction, Inc.'s ("Winmar") complaint. See Def. Holy Cross's Mot. to Dismiss Compl. [ECF No. 5] ("Holy Cross Mot."); Def. ESF's Mot. to Dismiss Pl.'s Compl. [ECF No. 7]; see also Br. in Supp. of Def. ESF's Mot. to Dismiss Pl.'s Compl. [ECF No. 7-1] ("ESF Mot."). Both defendants urge the Court to dismiss Winmar's complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the reasons addressed below, the Court agrees that it lacks personal jurisdiction over defendants and will grant the motions to dismiss.

## Background

Holy Cross is a private school located in Kensington, Maryland. Compl. [ECF No. 7-2] ¶ 3. ESF is a Pennsylvania corporation that operates children's summer camps in various locations, including on Holy Cross's campus in Maryland. Id. ¶ 2. Holy Cross and ESF entered a written contract agreeing, in pertinent part, to "the installation of a recreational above-ground pool in order for the [Holy Cross] campus to adequately host ESF Camps." ESF Mot. at 3 (quoting the contract, attached as Exhibit 1 to the complaint). According to that contract, "ESF w[ould] fund

1

all costs to prepare the facility and construct the pool." <u>Id.</u>  Winmar is a Washington, D.C.-based construction company registered to do business in both D.C. and Maryland.  Compl. ¶ 1.  In May 2021, ESF and Winmar entered into an agreement under which Winmar would serve as general contractor for the swimming pool project.  <u>Id.</u> ¶ 13.  Winmar constructed the swimming pool, <u>id.</u> ¶ 16, but it claims ESF only paid a portion of the final bill and still owes Winmar a balance of $94,411.81, <u>id.</u> ¶ 23.

On June 6, 2022, Winmar filed this action in the Superior Court of the District of Columbia alleging breach of contract by ESF and unjust enrichment by Holy Cross.  <u>See</u> Compl. ¶¶ 28–39.  On June 30, 2022, ESF removed the suit to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), citing this Court's diversity jurisdiction.  <u>See</u> Notice of Removal [ECF No. 2].

On July 5, 2022, Holy Cross filed a motion to dismiss arguing that (1) service was defective, (2) the Court lacks personal jurisdiction over Holy Cross, and (3) the prior dismissal of a Maryland state court action involving the same parties and claims requires dismissal of this action under the doctrine of res judicata.  <u>See</u> Holy Cross Mot.  The next day, ESF filed a motion to dismiss arguing that the Court lacks personal jurisdiction over ESF.  <u>See</u> ESF Mot.  Winmar opposed the motions to dismiss.  <u>See</u> Winmar Opp'n to Holy Cross Mot. [ECF No. 14]; Winmar Opp'n to ESF Mot. [ECF No. 15].  The defendants each filed a reply in support of their respective motion.  <u>See</u> Def. Holy Cross's Reply in Supp. of Holy Cross Mot. [ECF No. 16] ("Holy Cross Reply"); Def. ESF's Reply in Further Supp. of ESF Mot. [ECF No. 17] ("ESF Reply").  The motions are now fully briefed and ripe for decision.

**Analysis**

I.      **Legal Standard**

"A plaintiff bears the burden of establishing that the Court has personal jurisdiction over each defendant who moves to dismiss under Rule 12(b)(2)." Barcroft v. Gibbs, 195 F. Supp. 3d 132, 134 (D.D.C. 2016). The plaintiff "must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations." Marsoun v. United States, 525 F. Supp. 2d 206, 211 (D.D.C. 2007). And "[i]t is well-settled that [a court] may consider materials outside the pleadings to determine [its] jurisdiction," Kareem v. Haspel, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021), including any declarations or affidavits submitted by the parties with their briefing on the motions to dismiss, see Emp. L. Grp., P.C. v. Brady, Civ. A. No. 20-1852 (JDB), 2022 WL 35626, at *2 (D.D.C. Jan. 4, 2022).

There are two forms of personal jurisdiction: "(1) general jurisdiction, which allows a court to entertain a claim against a defendant without regard to the claim's relationship vel non to the defendant's forum-linked activity; and (2) specific jurisdiction, for controversies based on acts of a defendant that touch and concern the forum." West v. Holder, 60 F. Supp. 3d 190, 193 (D.D.C. 2014) (internal quotation marks omitted), aff'd sub nom. West v. Lynch, 845 F.3d 1228 (D.C. Cir. 2017). Further, a federal court only has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Accordingly, this Court has personal jurisdiction over ESF and Holy Cross only if authorized by either D.C. Code § 13-422, which governs general personal jurisdiction, or D.C. Code § 13-423, which governs specific personal jurisdiction. Barcroft, 195 F. Supp. 3d at 134.

**II.     General Jurisdiction**

General personal jurisdiction "extends to 'any and all claims' brought against a defendant," but it applies "only when a defendant is 'essentially at home' in the State." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024 (2021) (quoting Goodyear Dunlop Tires Operations, S. A. v. Brown, 564 U.S. 915, 919 (2011)).  The Court may exercise general jurisdiction under D.C. Code § 13-422 if a party is "domiciled in, organized under the laws of, or maintain[s] . . . its principal place of business in, the District of Columbia."  Here, Winmar does not allege that the Court has general jurisdiction over either defendant under § 13-422.  See Compl. ¶ 4 (alleging only "jurisdiction over the parties according to D.C. Code § 13-423, which governs specific jurisdiction"); Winmar Opp'n to Holy Cross Mot. at 7–9 (relying exclusively on § 13-423); Winmar Opp'n to ESF Mot. at 6–8 (same).  Nor could it: Holy Cross is a private school domiciled in Maryland, Compl. ¶ 3, and ESF is a Pennsylvania corporation, id. ¶ 2.  Because neither ESF nor Holy Cross is domiciled in the District of Columbia, the Court lacks general jurisdiction over them pursuant to D.C. Code § 13-422.

The D.C. Circuit has recognized a second possible source of general jurisdiction under D.C. law, but it does not apply here. "Under [D.C. Code §] 13-334(a)—a service of process statute that D.C. courts have interpreted to confer personal jurisdiction—a D.C. court can exercise jurisdiction over a foreign corporation 'doing business in the District.'" Erwin-Simpson v. AirAsia Berhad, 985 F.3d 883, 889 (D.C. Cir. 2021); see also El-Fadl v. Cent. Bank of Jordan, 75 F.3d 668, 672–75 (D.C. Cir. 1996) (accepting argument that defendant "has been doing business in the District of Columbia" as invoking § 13-334(a) despite plaintiff's failure to cite it), abrogated on other grounds by Samantar v. Yousuf, 560 U.S. 305 (2010).

4

Winmar alleges without meaningful factual support that "Holy Cross regularly does business in the District of Columbia when it recruits and enrolls students from the District of Columbia to attend Holy Cross," Winmar Opp'n to Holy Cross Mot. at 1, and that "ESF also regularly does business in the District of Columbia when it employs camp counselors and recruits students resident in the District of Columbia to manage and attend the summer camp operated on the grounds of Defendant Holy Cross in Kensington, Maryland," Winmar Opp'n to ESF Mot. at 1.  These allegations are insufficient to establish general jurisdiction under § 13-334(a), which requires in-state contacts that are "so 'continuous and systematic' as to render [it] essentially at home in the forum State." Erwin-Simpson, 985 F.3d at 889–90 (quoting Goodyear, 564 U.S. at 919).  Even assuming that Holy Cross employs and educates some D.C. residents on its Maryland campus and ESF's Maryland camp attracts some D.C.-based children and counselors, neither defendant's presence is "comparable to a domestic enterprise" in D.C.  See id. at 890 (quoting Daimler AG v. Bauman, 571 U.S. 117, 133 n.11 (2014)).

Further, even if Winmar's allegations did suffice under § 13-334(a), that provision requires the plaintiff to serve defendants in the District of Columbia.  See Erwin-Simpson, 985 F.3d at 890.  Winmar served Holy Cross in Maryland, see Aff. of Service [ECF No. 13] (averring to service of process to Holy Cross in Maryland), and the record contains no indication that Winmar served ESF within D.C., see Notice of Removal ¶ 3 & n.1 (indicating only that "ESF received a copy of the complaint" and "an affidavit of service has not yet been docketed").

For these reasons, the Court lacks general jurisdiction over ESF and Holy Cross.

### III.    Specific Jurisdiction

This action can therefore only proceed if the Court has specific personal jurisdiction over each defendant.  D.C.'s long-arm statute—which Winmar cites as a source of personal jurisdiction,

see Compl. ¶ 4; Winmar Opp'n to Holy Cross Mot. at 2 n.1, 7–8; Winmar Opp'n to ESF Mot. at 6–7—provides several bases for a court's exercise of personal jurisdiction. See D.C. Code § 13-423(a). The only portion that could be relevant here is the provision that authorizes "personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's . . . transacting any business in the District of Columbia." Id. § 13–423(a)(1). To establish personal jurisdiction under § 13-423(a)(1), a plaintiff must prove "that [1] the defendant transacted business in the District, [2] the claim arose from that business, and [3] the business constituted minimum contacts with the District such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'"[1] Thompson Hine LLP v. Smoking Everywhere Inc., 840 F. Supp. 2d 138, 142 (D.D.C. 2012).[2]

### A. Specific Jurisdiction over ESF

Winmar first argues that the Court has specific jurisdiction over ESF because "ESF solicited Winmar"—a D.C. company—"to construct the swimming pool at Holy Cross." Winmar Opp'n to ESF Mot. at 7. "A defendant has minimum contacts with a forum if she enters into a contract that has a 'substantial connection' with the forum." Helmer v. Doletskaya, 393 F.3d 201, 205 (D.C. Cir. 2004) (quoting McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957)). "[W]hether the non-resident solicited the business relationship" is one of "a number of considerations" that courts weigh when "evaluat[ing] whether there is a 'substantial connection' between the

---

[1] The second requirement is codified in D.C. Code § 13-423(b): "[w]hen jurisdiction over a [defendant] is based solely upon [§ 13-423], only a claim for relief arising from acts enumerated in this section may be asserted against [the defendant]."

[2] Courts traditionally apply a two-step test to assess specific jurisdiction: first, a court "decide[s] whether statutory jurisdiction exists under the District's long-arm statute," and, "if it does, then [that court] must determine whether an exercise of jurisdiction would comport with constitutional limitations." Forras v. Rauf, 812 F.3d 1102, 1105–06 (D.C. Cir. 2016). However, because § 13-423(a)(1) "provides jurisdiction to the full extent allowed by the Due Process Clause," when a plaintiff invokes this provision, the constitutional and statutory analyses "merge into a single inquiry[.]" Urquhart-Bradley v. Mobley, 964 F.3d 36, 44 (D.C. Cir. 2020) (internal quotation marks omitted).

defendant's business and the District." Moldea v. Ovitz, Case No. 18-cv-00560 (CRC), 2019 WL 465004, at *4 (D.D.C. Feb. 6, 2019) (internal quotation marks omitted).  Courts also consider other factors, including "whether negotiations took place in the District, and [] whether the contract was at least partly performed in the District." Id. (internal quotation marks and citation omitted).  Some combination of those factors will often indicate that a "substantial connection" to the forum exists. See, e.g., Schwartz v. CDI Japan, Ltd., 938 F. Supp. 1, 6 (D.D.C. 1996) ("Where a non-resident has solicited the business relationship and the contract calls for the performance of work within the District, the court may find that the transaction has such a substantial connection with the District such that the exercise of personal jurisdiction is permissible." (emphases added)). However, "entering into a contract with an out-of-state party does not by itself . . . establish minimum contacts or constitute purposeful availment." Exponential Biotherapies, Inc. v. Houthoff Buruma N.V., 638 F. Supp. 2d 1, 7 (D.D.C. 2009); see also Health Commc'ns, Inc. v. Mariner Corp., 860 F.2d 460, 465 (D.C. Cir. 1988) ("[A] purchaser who selects an out-of-state seller's goods or services based on their economic merit does not thereby purposefully avail itself of the seller's state law . . . ."). Accordingly, the allegation that ESF solicited a D.C. business is insufficient to establish personal jurisdiction.

"Where the contract was 'neither made nor performed in the District, and no services were provided or to be provided here,' the contract does not justify the exercise of personal jurisdiction over the non-resident defendant." Exponential Biotherapies, 638 F. Supp. 2d at 7–8 (quoting COMSAT Corp. v. Finshipyards S.A.M., 900 F. Supp. 515, 524 (D.D.C. 1995)). Here, the parties entered into an agreement for construction work to be completed exclusively in Maryland. Further, Winmar failed to allege that the contract was made in D.C., and the record lacks any evidence of where ESF or Winmar were located when they entered the contract. See Compl. ¶ 13 (stating only

7

that "ESF . . . hired Winmar as general contractor"); id. ¶ 2 (offering the conclusory statement that "ESF did business with Winmar in the District of Columbia when it engaged Winmar to construct a swimming pool to be located on the grounds of Defendant Holy Cross"). Rather than claiming that ESF contracted with Winmar in D.C., Winmar instead argues only that ESF "did business with Washington, D.C.-based Winmar." Winmar Opp'n to ESF Mot. at 5; see also Holy Cross Reply at 4 ("The only apparent connection to DC in this entire allegation is that Winmar is 'Washington, D.C.-based.'"). But the "plaintiff's contacts with the forum . . . cannot be decisive" when determining whether personal jurisdiction exists. Walden v. Fiore, 571 U.S. 277, 285 (2014) (internal quotation marks omitted). Winmar "bears the burden" of "alleg[ing] specific facts on which personal jurisdiction can be based," Marsoun, 525 F. Supp. 2d at 211, and it has failed to do so.[3]

Winmar also argues that the Court has specific jurisdiction over ESF because "every email communication to and from Winmar, every bill from Winmar, and every payment made to Winmar occurred in Washington D.C." Winmar Opp'n to ESF Mot. at 8. That is, because Winmar is based in D.C., ESF's communications and payments were technically received in D.C. But that is not a sufficient basis for the Court to exercise personal jurisdiction. "[A defendant's] telephone

---

[3] Based on contextual evidence, the Court suspects that the agreement was entered telephonically and that ESF was not located in D.C. when that call occurred. There is no written contract between ESF and Winmar attached to the complaint or any other filing, likely because this was "an oral agreement." ESF Mot. at 1, see id. at 3, 8, 9; see Compl. ¶ 29 (noting the "oral and written contract" without attaching any written contract). Pennsylvania-based ESF notes that "there is no evidence that Winmar's principals were even in the District at the time the oral contract was discussed." ESF Reply at 3. This phrasing suggests two important things: First, it implies the parties were not in the same location when entering the contract, meaning that the oral agreement probably was not made face-to-face. Second, the dispute appears to be about whether Winmar was in D.C. at that time, not whether ESF was. The Court's suspicions are further supported by Winmar's lack of allegations about ESF's presence in D.C., despite otherwise trying to draw any possible connection between ESF and the forum. Winmar emphasized that "[a]ll bills sent to ESF . . . were by Winmar from its sole office in Washington, D.C. . . . , and all payments made by ESF . . . were sent to Winmar in Washington, D.C." Winmar Opp'n to ESF Mot. at 5. But instead of alleging that ESF did business with Winmar in D.C., Winmar stated that ESF "did business with Washington, D.C.-based Winmar." Id.; see also Holy Cross Reply at 4 ("The only apparent connection to DC in this entire allegation is that Winmar is 'Washington, D.C.-based.'"). The Court doubts that Winmar would have used such specific, self-referential language if ESF had come into the District to contract with Winmar. In any event, there is no evidence that ESF did so.

calls, emails, facsimiles and mailings, including invoices . . . are insufficient to subject [that defendant] to this Court's personal jurisdiction." Exponential Biotherapies, 638 F. Supp. 2d at 9; see Associated Producers, Ltd. v. Vanderbilt Univ., 76 F. Supp. 3d 154, 165 (D.D.C. 2014) ("[E]mail . . . communications sent into the District of Columbia are not sufficient to constitute business transactions in themselves, even if they are made pursuant to an underlying contract between a resident business and a nonresident Defendant."). This is particularly true when, as here, "the focus of the relevant business activity was outside of the forum and only defendants' emails . . . brought defendants' business activities into the forum." Associated Producers, 76 F. Supp. 3d at 165 (collecting cases). Additionally, the mere fact that Winmar received its payments in D.C. does not bear on the Court's specific jurisdiction. To conclude otherwise would conflict with the Supreme Court's instruction that "however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendant's due process rights are violated'" by the Court's exercise of personal jurisdiction. Walden v. Fiore, 571 U.S. 277, 285 (2014) (quoting Rush v. Savchuk, 444 U.S. 320, 332 (1980)).

Accordingly, the Court lacks specific jurisdiction over ESF.[4]

### B. Specific Jurisdiction over Holy Cross

Winmar argues that the Court has specific jurisdiction over Holy Cross because Holy Cross appointed ESF as its agent and § 13-423 authorizes personal jurisdiction over a person "who acts directly or by an agent." Winmar Opp'n to Holy Cross Mot. at 2 & n.1, 7 (quoting D.C. Code

---

[4] As previously mentioned, Winmar alleged that "ESF also regularly does business in the District of Columbia when it employs camp counselors and recruits students resident in the District of Columbia to manage and attend the summer camp operated on the grounds of Defendant Holy Cross in Kensington, Maryland." Winmar Opp'n to ESF Mot. at 1. Even if true, this alleged "business" could not serve as a basis for specific jurisdiction under § 13-423, as that statute only authorizes personal jurisdiction when the "claim for relief aris[es] from" the defendant's conduct in D.C. D.C. Code § 13-423(a), (b). Winmar "has not pled a claim 'arising from,'" Barcroft, 195 F. Supp. 3d at 135, ESF's employment of D.C. residents or recruitment of D.C. students.

9

§ 13-423(a)).  Even if ESF were Holy Cross's agent, for the reasons explained above, the Court does not have specific jurisdiction over ESF, so any principal–agent relationship would not provide a basis for the Court to exercise specific personal jurisdiction.  Nor does the record support the contention that ESF was Holy Cross's agent when dealing with Winmar.  The only evidence of agency that Winmar offers is a May 5, 2021 letter from Holy Cross to the Maryland Department of Permitting Services that purports to authorize ESF "to execute all necessary applications forms . . . and act on behalf of [Holy Cross] in furtherance of" its application for relevant permits.  See id. at Ex. E (attaching May 5, 2021 letter); id. at 2–3.  That letter does not offer any proof of a principal–agent relationship outside of the permitting process.

Winmar does not assert any other basis for specific jurisdiction over Holy Cross.[5]  Hence, the Court lacks specific jurisdiction over Holy Cross.[6]

## Conclusion

For the reasons above, the Court concludes that it lacks personal jurisdiction over ESF and Holy Cross.  Accordingly, it will grant defendants' motions to dismiss under Rule 12(b)(2).  A separate Order has been issued on this date.



---

[5] As noted earlier, Winmar generally alleges that "Holy Cross regularly does business in the District of Columbia when it recruits and enrolls students from the District of Columbia to attend Holy Cross."  Winmar Opp'n to Holy Cross Mot. at 1.  That allegation cannot provide a basis for specific jurisdiction because Winmar's breach of contract claim does not "aris[e] from" Holy Cross's recruitment or hiring practices.  D.C. Code § 13-423(a), (b).

[6] Holy Cross raised two additional grounds for dismissal in its motion.  First, Holy Cross argued that service was defective.  See Holy Cross Mot. at 1–2.  However, in its reply, Holy Cross "waive[d] any defect" that remained related to service of process.  Holy Cross Reply at 2.  Second, Holy Cross argued that the doctrine of res judicata required dismissal of this complaint in light of the prior dismissal of a Maryland state court action involving the same parties and operative facts.  See Holy Cross Mot. at 3–4.  Winmar entirely failed to respond to this argument, and it would be proper for the Court to consider the argument conceded.  See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").  However, the Court need not rely on the claim preclusion arguments because it separately concludes that it lacks personal jurisdiction over all defendants.

/s/ JOHN D. BATES
United States District Judge

Dated: February 6, 2023